UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WALTER DUANE WHITE,            :
                               :
            Plaintiff,         :
                               :  CIVIL NO. 3:CV-08-01388
      v.                       :
                               :  (JUDGE VANASKIE)
WARDEN B.A. BLEDSLOE, ET AL.,  :
                               :
            Defendants.        :

M E M O R A N D U M

I.  Introduction

In his Complaint, White raises the following claims: retaliatory transfer as a result of his filing of institutional grievances questioning the adequacy of his medical care; failure to protect him from assault by another inmate; and interference with his legal mail. (Doc. 1, Complaint.) On October 21, 2008, the court directed service of the Complaint on the defendants.

Presently before the court is White's motion to compel discovery and motion for appointment of counsel. For the following reasons, both motions will be denied.

II.  Discussion

  A.  Motion to Compel

White filed a motion to compel defendants to respond to his request for

production of documents.  (See Doc. 14, Motion to Compel).  White file his discovery request directly with the court, and it does not appear that it was served on the defendants.  (Id.)  The motion to compel is both premature and procedurally incorrect.  As noted above, the court only recently screened and directed service of White's Complaint on the defendants.  Therefore, any discovery request served at this point is premature as the defendants have not yet entered their appearance in this action.  Once service has been made, it is likely that counsel for defendants will enter an appearance in this matter.  When that has happened, White must direct his discovery requests to defense counsel, and only after a dispute has arisen, file a motion to compel.  Accordingly, White's motion to compel will be denied as premature.

        B.      Motion for Appointment of Counsel

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, it is within the court's discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation by counsel for plaintiff.  This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable

merit in fact and law).  If this threshold requirement is met, the court then considers a number of factors established by the Third Circuit Court of Appeals to determine whether it is appropriate to request counsel for an indigent party.  These factors include:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the difficulty of the particular legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> (4) the plaintiff's capacity to retain counsel on [her] own behalf;
>
> (5) the extent to which a case is likely to turn on credibility determinations; and
>
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57.  Additionally, post-Tabron, the Third Circuit Court of Appeals has directed district courts to examine two additional factors when considering an indigent party's request for counsel.  These factors are: 1) "[t]he Court's willingness to aid the indigent party in presenting his or her case ... and 2) [t]he supply of attorneys willing to take § 1915(e) requests in the geographic area of the litigation." Gordon v. Gonzalez, 232 Fed. Appx. 153, fn. 4 (3d Cir. 2007).  As to the first factor, a district court can appoint counsel "at any point in the litigation" and may do so on its own without a motion from the plaintiff.  Tabron, 6 F.3d at 156.  Any concern about a plaintiff's inexperience as a litigant is tempered by the requirement that the plaintiff's pleadings are given a liberal construction by the court.

-3-

As to the second factor, the scarcity of available counsel is a very real consideration. In this regard, it bears emphasizing that "courts have no authority to compel counsel to represent an indigent civil litigant." Tabron, 6 F.3d at 157 n.6. As the Third Circuit Court of Appeals has explained, "'[v]olunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'" Id. at 157.

Against this backdrop of factors, and given the very early procedural posture of this case, White's motion fails to set forth sufficient circumstances to warrant appointment of counsel. White seeks the appointment of counsel on the basis of his indigence and present incarceration. He claims both of these factors will impede his ability to conduct discovery, present the relevant case law to the court, and assist him at trial. (Doc. 16, Motion for Appointment of Counsel). To date White has demonstrated an ability to present his claims and there is no evidence, at this point, that prejudice will result in the absence of counsel, especially where defendants have yet to respond to the Complaint. As to his concern for his ability to conduct discovery simply due to his incarceration, he stands in the same shoes of thousands of other inmate litigants who represent themselves. White has the ability and means to avail himself of a variety of discovery tools that he can utilize on his own without the assistance of counsel. As noted above, he has already attempted, albeit prematurely, to conduct discovery

on his own.  Clearly, White can conduct discovery, is aware of the discovery rules, and has the ability to communicate clearly with the court in the event he encounters discovery disputes with the defendants once discovery is underway.

Thus, White's request for counsel will be denied without prejudice.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either sua sponte or upon a motion properly filed by White.  An appropriate Order shall follow.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER DUANE WHITE, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-08-01388 |
| v. | : |
| | : (JUDGE VANASKIE) |
| WARDEN B.A. BLEDSLOE, ET AL., | : |
| | : |
| Defendants. | : |

O R D E R

NOW, THIS 31st DAY OF OCTOBER, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. White's Motion to Compel (Doc. 14) is DENIED.

2. White's Motion to Appoint Counsel (Doc. 16) is DENIED without prejudice.

             s/ Thomas I. Vanaskie
             Thomas I. Vanaskie
             United States District Judge